NYGAARD, Circuit Judge,
dissenting in part.
I agree with most of the majority opinion, but come to a different conclusion on remanding. I would not order the District Court to send this cause back to the Bankruptcy Court and, therefore, dissent in part.
In ordering the remand, with instructions that the bankruptcy judge consider other available sanctions, the majority disregards the fact that the judge did consider such avenues and rejected them. Put another way, despite a panoply of options available to him, the bankruptcy judge chose to limit his choice to Rule 9011. I would hold him to that decision. Note the record: after citing the “critical language” of Rule 9011(c) (limiting sanctions “to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated”) the judge explained that the sanctions he imposed were not a question of fee shifting or repaying the debtors, but instead satisfied his “primary goal” of deterring other practitioners from undertaking the conduct he found so objectionable in the Appellees. Appendix at 160-161. When asked by Appellant’s counsel whether there were any additional sanctions to be had besides the $20,000.00 awarded under Rule 9011, the bankruptcy *208 judge’s response was clear: “No. So, it’s $20,000.00. That’s the sanction. That’s it.” Appendix at 161. The bankruptcy judge rejected other avenues for sanctions available to him and, indeed, his citation to 11 U.S.C. § 105(a) in his subsequent order evinces knowledge of other vehicles for imposing sanctions. I also note that the Appellants themselves failed to explore or request sanctions through other means.
Contrary to this, however, my colleagues order the remand and come perilously close to expressing a position that sanctions should be awarded under different statutes, when, to my reading, the bankruptcy judge already rejected those avenues. I can make no other assumption than that my colleagues believe some other type of sanctions are required here. That however, is not our call nor is that issue before us. I would affirm the District Court in all aspects.